# Investors Title Insurance Company

**P.O. Drawer 2687, Chapel Hill, North Carolina 27515-2687**
**919.968.2200 | invtitle.com**

### CLOSING PROTECTION LETTER - SINGLE TRANSACTION

04/18/2019

First IC Bank ISAOA/ATIMA

5593 Buford Highway, Atlanta, GA 30340

Loan No: 7511902023

"Issuing Agent" or "Approved Attorney," as the case may require:

    Matthew A. Dickason, Issuing Agent and Approved Attorney
    Matthew A. Dickason, P.C. d/b/a Dickason Law Group
    1801 Peachtree St NE Ste 155, Atlanta, GA 30309-1859

"Real Estate Transaction":
    Borrower(s) Name: Ying Duan

    Property Address: 1826 Ballybunion Drive, JOHNS CREEK, GA 30097
    Agent File Number: GA-19-6038

Re:    Closing Protection Letter

Dear Sir/Madam,

In consideration of Your acceptance of this letter, Investors Title Insurance Company (the "Company"), agrees to indemnify You for actual loss of Funds incurred by You in connection with the closing of the Real Estate Transaction conducted by the Issuing Agent or Approved Attorney on or after the Date of this letter, subject to the Requirements and Conditions and Exclusions set forth below:

## REQUIREMENTS

1.    The Company issues or is contractually obligated to issue a Policy for Your protection in connection with the Real Estate Transaction;
2.    You are to be:
    (a)    a lender secured by the Insured Mortgage on the Title to the Land;
    (b)    a purchaser or lessee of the Title to the Land; or
    (c)    a seller.
3.    The aggregate of all Funds You transmit to the Issuing Agent or Approved Attorney for the Real Estate Transaction does not exceed $ 846,000.00     ; and
4.    Your loss is solely caused by:
    (a)    any failure of the Issuing Agent or Approved Attorney to comply with Your written closing instructions that relate to:
        (i)    (A)    the disbursement of Funds necessary to establish the status of the Title to the Land; or

**Copyright 2006-2015 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members
in good standing as of the date of use. All other uses are prohibited.
Reprinted under license from the American Land Title Association.

    (B) the validity, enforceability, or priority of the lien of the Insured Mortgage; or

  (ii) obtaining any document, specifically required by You, but only to the extent that the failure to comply adversely affects the status of the Title to the Land or the validity, enforceability, or priority of the lien of the Insured Mortgage on the Title to the Land; or

 (b) fraud, theft, dishonesty, or misappropriation of the Issuing Agent or Approved Attorney in handling Your Funds or documents in connection with the closing, but only to the extent that the fraud, theft, dishonesty, or misappropriation adversely affects the status of the Title to the Land or to the validity, enforceability, or priority of the lien of the Insured Mortgage on the Title to the Land.

## CONDITIONS AND EXCLUSIONS

1. Your transmittal of Funds or documents to the Issuing Agent or Approved Attorney for the Real Estate Transaction constitutes Your acceptance of this letter.

2. For purposes of this letter:
 (a) "Commitment" means the Company's written contractual agreement to issue the Policy.
 (b) "Funds" means the money received by the Issuing Agent or Approved Attorney for the Real Estate Transaction.
 (c) "Policy" means the contract or contracts of title insurance, each in a form adopted by the American Land Title Association, issued or to be issued by the Company in connection with the closing of the Real Estate Transaction.
 (d) "You" or "Your" means:
  (i) the Addressee of this letter;
  (ii) the borrower, if the Land is improved solely by a one-to-four family residence;
  (iii) subject to all rights and defenses relating to a claim under this letter that the Company would have against the Addressee,
    (A) the assignee of the Insured Mortgage, provided such assignment was for value and the assignee was, at the time of the assignment, without Knowledge of facts that reveal a claim under this letter; and
    (B) the warehouse lender in connection with the Insured Mortgage; and
  (iv) the seller, where the lender or purchaser is afforded protection pursuant to the terms of this letter.
 (e) "Indebtedness," "Insured Mortgage," "Knowledge" or "Known," "Land," and "Title" have the same meaning given them in the American Land Title Association Loan Policy (06-17-06).

3. The Company shall have no liability under this letter for any loss arising from any:
 (a) failure of the Issuing Agent or Approved Attorney to comply with Your closing instructions that require title insurance protection in connection with the Real Estate Transaction inconsistent with that set forth in the Commitment. Your written closing instructions received and accepted by the Issuing Agent or Approved Attorney after issuing the Commitment that require the removal, where allowed by state law, rule, or regulation, of specific Schedule B Exceptions from Coverage or compliance with the requirements contained in the Commitment shall not be deemed to require inconsistent title insurance protection;
 (b) loss or impairment of Funds in the course of collection or while on deposit with a bank due to bank failure, insolvency, or suspension, except loss or impairment resulting from failure of the Issuing Agent or Approved Attorney to comply with Your written closing instructions to deposit Your Funds in a bank that You designated by name;
 (c) constitutional or statutory lien or claim of lien that arises from services, labor, materials, or equipment, if any Funds are to be used for the purpose of construction, alteration, or

Copyright 2006-2015 American Land Title Association. All rights reserved.

The use of this Form is restricted to ALTA licensees and ALTA members
in good standing as of the date of use. All other uses are prohibited.
Reprinted under license from the American Land Title Association.



renovation. This Section 3.(c) does not affect the coverage, if any, as to any lien for services, labor, materials, or equipment afforded in the Policy;

(d) defect, lien, encumbrance, or other matter in connection with the Real Estate Transaction. This Section 3.(d) does not affect the coverage afforded in the Policy;

(e) fraud, theft, misappropriation, dishonesty, or negligence by You or by Your employee, agent, attorney, or broker;

(f) settlement or release of any claim by You without the Company's written consent;

(g) matters created, suffered, assumed, agreed to, or Known by You;

(h) failure of the Issuing Agent or Approved Attorney to determine the validity, enforceability, or the effectiveness of a document required by Your closing instructions. This Section 3.(h) does not affect the coverage afforded in the Policy;

(i) Federal consumer financial law, as defined in 12 U.S.C. § 5481(14), actions under 12 U.S.C. § 5531, or other federal or state laws relating to truth-in-lending, a borrower's ability to repay a loan, qualified mortgages, consumer protection, or predatory lending, including any failure of the Issuing Agent or Approved Attorney to comply with Your closing instructions relating to those laws;

(j) federal or state laws establishing the standards or requirements for asset-backed securitization including, but not limited to, exemption from credit risk retention, including any failure of the Issuing Agent or Approved Attorney to comply with Your closing instructions relating to those laws;

(k) periodic disbursement of Funds to pay for construction, alteration, or renovation on the Land; or

(l) Issuing Agent or Approved Attorney acting in the capacity of a qualified intermediary or facilitator for tax deferred exchange transactions as provided in Section 1031 of the Internal Revenue Code.

4. If the closing is to be conducted by an Approved Attorney, a Commitment in connection with the Real Estate Transaction must have been received by You prior to the transmittal of Your final closing instructions to the Approved Attorney.

5. When the Company shall have indemnified You pursuant to this letter, it shall be subrogated to all rights and remedies You have against any person or property had You not been indemnified. The Company's liability for indemnification shall be reduced to the extent that You have impaired the value of this right of subrogation.

6. The Company's liability for loss under this letter shall not exceed the least of:

(a) the amount of Your Funds;

(b) the Company's liability under the Policy at the time written notice of a claim is made under this letter;

(c) the value of the lien of the Insured Mortgage;

(d) the value of the Title to the Land insured or to be insured under the Policy at the time written notice of a claim is made under this letter; or

(e) the amount stated in Section 3 of the Requirements.

7. The Company will be liable only to the holder of the Indebtedness at the time that payment is made. This Section 7 does not apply to a purchaser, borrower, lessee, or seller.

8. Payment to You or to the owner of the Indebtedness under either the Policy or from any other source shall reduce liability under this letter by the same amount. Payment in accordance with the terms of this letter shall constitute a payment pursuant to the Conditions of the Policy.

9. The Issuing Agent is the Company's agent only for the limited purposes of issuing commitments and policies and the disbursement of settlement funds. Neither the Issuing Agent nor the Approved Attorney is the Company's agent for the purpose of providing closing or settlement services. The Company's liability for Your loss arising from closing or settlement services is strictly limited to the contractual protection expressly provided in this letter. Other than as expressly provided in this letter, the Company shall have no liability for loss resulting from the

Copyright 2006-2015 American Land Title Association. All rights reserved.

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



fraud, theft, dishonesty, misappropriation, or negligence of any party to the Real Estate Transaction, the lack of creditworthiness of any borrower connected with the Real Estate Transaction, or the failure of any collateral to adequately secure a loan connected with the Real Estate Transaction.

10.    In no event shall the Company be liable for a loss if the written notice of a claim is not received by the Company within one year from the date of the transmittal of Funds. The condition that the Company must be provided with written notice under this Section 10 shall not be excused by lack of prejudice to the Company.

11.    You must promptly send written notice of a claim under this letter to the Company at its principal office at 121 N. Columbia Street, Chapel Hill, North Carolina 27514. If the Company is prejudiced by Your failure to provide prompt notice, the Company's liability to You under this letter shall be reduced to the extent of the prejudice.

12.    Whenever requested by the Company, You, at the Company's expense, shall:

    (a)    give the Company all reasonable aid in

        (i)    securing evidence, obtaining witnesses, prosecuting or defending any action or proceeding, or effecting any settlement, and

        (ii)    any other lawful act that in the opinion of the Company may be necessary to enable the Company's investigation and determination of its liability under this letter;

    (b)    deliver to the Company any records, in whatever medium maintained, that pertain to the Real Estate Transaction or any claim under this letter; and

    (c)    submit to an examination under oath by any authorized representative of the Company with respect to any such records, the Real Estate Transaction, any claim under this letter or any other matter reasonably deemed relevant by the Company.

13.    The Company shall have no liability under this letter if:

    (a)    the Real Estate Transaction has not closed within one year from the date of this letter; or

    (b)    at any time after the date of this letter, but before the Real Estate Transaction closes, the Company provides written notice of termination of this letter to the Addressee at the address set forth above.

14.    The protection of this letter extends only to real estate in Georgia, and any court or arbitrator shall apply the law of the jurisdiction where the Land is located to interpret and enforce the terms of this letter. In neither case shall the court or arbitrator apply its conflicts of law principles to determine the applicable law. Any litigation or other proceeding under this letter must be filed only in a state or federal court within the United States of America or its territories having appropriate jurisdiction.

This letter supersedes and cancels any previous letter or similar agreement for closing protection that applies to the Real Estate Transaction and may not be modified by the Issuing Agent or Approved Attorney.

**INVESTORS TITLE INSURANCE COMPANY**

By: _____
        President

**Copyright 2006-2015 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

AMERICAN LAND TITLE ASSOCIATION