IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIRST IC BANK,

    Plaintiff,

v.

NORTH AMERICAN TITLE INSURANCE COMPANY,

    Defendant.

Civil Action No.
1:19-cv-05055-SDG

## ORDER

This matter is before the Court on Defendant North American Title Insurance Company's ("North American") motion to dismiss [ECF 2]; Plaintiff First IC Bank's motion to amend the Complaint [ECF 12]; and North American's motion to exclude, disregard, or strike First IC Bank's affidavits [ECF 14]. For the following reasons, First IC Bank's motion to amend is **GRANTED IN PART** and **DENIED IN PART**, and North American's motions are **DENIED AS MOOT**.

I.    **BACKGROUND**

The Court treats the following facts as true for purposes of this Order.[1] On or about March 15, 2019, Ying Duan entered into an agreement with Israel and Jill

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

Malowany to purchase real property located in Johns Creek, Georgia (the "Property").[2] On March 18, Duan and the Malowanys agreed to change the closing attorney for the sale of the Property to the Dickason Law Group ("Dickason").[3] During this same period, Dickason acted as an issuing agent and approved attorney for North American.[4]

To facilitate the purchase, Duan entered into a loan agreement with First IC Bank to provide financing for a portion of the Property's purchase price.[5] This agreement provided that First IC Bank's loan would be used to satisfy an existing security deed on the Property held by J.P Morgan Chase Bank ("JPM").[6] On March 25, 2019, Dickason, acting on behalf of North American, issued First IC Bank a closing protection letter in which North American agreed to indemnify First IC Bank for certain potential issues in connection with closing on the sale of the Property.[7] In addition, Dickason—again on behalf of North American—issued

---

[2]   ECF 1-1, ¶ 5.

[3]   *Id.* ¶ 7.

[4]   *Id.* ¶ 9.

[5]   *Id.* ¶ 8.

[6]   *Id.* ¶ 8. The loan funds are referred to as the "Settlement Funds."

[7]   *Id.* ¶ 10.

First IC Bank a commitment for title insurance, with an effective date of March 13, 2019.[8] Dickason closed the sale of the Property on April 19, 2019.[9]

First IC Bank alleges that, subsequent to the closing, Dickason did not use the Settlement Funds to satisfy JPM's loan and eliminate JPM's security interest as contractually required.[10] According to First IC Bank, Dickason instead stole or otherwise misappropriated the Settlement Funds.[11] Since Dickason did not use the Settlement Funds to pay off JPM's security interest, JPM maintained its senior security interest and continued to demand that the Malowanys make their scheduled mortgage payments.[12] Indeed, the Malowanys made three mortgage payments to JPM after the sale of the Property.[13]

To secure its interest in the Property, on September 17, 2019, First IC Bank paid JPM $643,363.23 to satisfy the Malowanys' outstanding mortgage.[14] First IC Bank subsequently demanded that North American indemnify it for those funds

---

[8]   *Id.* ¶ 11.

[9]   *Id.* ¶ 12.

[10]  *Id.* ¶ 13.

[11]  *Id.* ¶ 14.

[12]  *Id.* ¶¶ 15.

[13]  *Id.* ¶ 16.

[14]  *Id.* ¶ 18.

based on the closing protection letter, and the Malowanys have demanded First IC Bank reimburse them for the payments they made to JPM after the sale of the Property.[15]

On September 19, 2019, IC Bank initiated this action solely against North American in the State Court of Gwinnett County, Georgia.[16] First IC Bank does not specify what claim it is pursing against North American or set out any cause of action in separately numbered paragraphs. First IC Bank instead vaguely states that the "theft and misappropriation of the Settlement Funds by Dickason constitute[s] fraudulent conduct and bad faith under O.C.G.A. § 13-6-11."[17]

On November 7, 2019, North American timely removed the case to this Court.[18] On November 12, it moved to dismiss.[19] First IC Bank filed an opposition on December 3.[20] On December 13, 2019, First IC Bank filed its motion for leave to file an amended complaint.[21] On December 17, North American filed its reply in

---

[15]   *Id.* ¶¶ 19–20. The Malowanys are not, however, parties to this action.

[16]   *See generally* ECF 1-1.

[17]   *Id.* ¶ 22.

[18]   ECF 1.

[19]   ECF 2.

[20]   ECF 10.

[21]   ECF 12.

support of its motion to dismiss and a separate motion to exclude certain evidence First IC Bank attached to its opposition brief.[22] On December 27, North American filed a response in opposition to First IC Bank's request to amend its Complaint.[23] Since the Court's determination of First IC Bank's motion for leave to amend resolves all outstanding motions, the Court addresses only that motion below.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Since First IC Bank is seeking to amend the Complaint to add a new party, Rule 21 is also applicable. That Rule states "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." *Id*. However, the decision of whether to grant such leave is committed to the sound discretion of the trial court. *S. Grouts & Mortars., Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009); *Interstate Nat'l Dealer Servs., Inc. v. U.S. Auto Warranty, LLC*, No. 1:12-cv-04265-RWS, 2015 WL 13273318, at *8 (N.D. Ga. Dec. 11, 2015) ("[L]eave to amend is by no means automatic."). The Eleventh

---

[22] ECF 13; ECF 14.

[23] ECF 15.

Circuit has advised that a court should deny leave only "where there is [a] substantial ground for doing so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008).

### III. DISCUSSION

First IC Bank requests permission to file an Amended Complaint to add Investors Title Insurance Company ("Investors") as a named defendant. North American argues the Court should deny First IC Bank's request because the proposed amendment would be futile.

"[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)); *Bazemore v. U.S. Bank, N.A.*, 167 F. Supp. 3d 1346, 1354–55 (N.D. Ga. 2016) ("[T]he same standard of legal sufficiency as applied under a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is used to determine futility."). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, the inquiry is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruling on other grounds recognized by Davis v. Scheuer*, 468 U.S. 183 (1984).

The Court concludes that First IC Bank's proposed Amended Complaint constitutes a shotgun pleading. A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, No. 19-14194, 2020 WL 2175959, at *1 (11th Cir. May 6, 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). A shotgun pleading fails "to give the defendant adequate notice of the claims against them and the ground upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). "It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty

which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356.

Shotgun pleadings "patently violate" the federal pleading standards. *Id*. *See also Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("Such a pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so."). Accordingly, when a district court receives a shotgun pleading, the court "should strike it and instruct counsel to replead the case," rather than "parse out such incomprehensible allegations." *Estate of Bass*, 947 F.3d at 1358 (citation omitted).

The Eleventh Circuit has identified four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. While these categories are not legally distinct from one another, they are instructive in determining whether a complaint is a shotgun pleading. These categories are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular

cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and, (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

First IC Bank's proposed Amended Complaint, as well as the initial Complaint filed in state court, suffer from the deficiency outlined in the third category of shotgun pleadings. While the Amended Complaint provides a general factual timeline of relevant events, it fails to articulate what claims it is pursuing, fails to separate those claims in individual paragraphs, and fails to provide specific, factual allegations for each. *Carmona v. Citimortgage, Inc.*, No. 1:11-cv-516-TCB-ECS, 2011 WL 13319715, at *1 (N.D. Ga. May 31, 2011) (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("'[S]hotgun pleadings' are framed in complete disregard of the principle that separate, discrete causes of action should be pleaded in separate counts.")). *See also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

As noted by North American, the Court is unable to determine whether First IC Bank's claims sound in contract, tort, or some other legal theory. This ambiguity

places a significant burden on both the Court and the defendants in this case. *E.g., Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("Shotgun pleadings . . . waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."); *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996) ("[W]ith the shotgun pleading out of the way, the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by [various] defenses.").

Since First IC Bank's proposed Amended Complaint constitutes a shotgun pleading, it is futile and subject to dismissal. The Court declines to accept it. However, the Court determines that First IC Bank should be given an opportunity to replead consistent with federal standards and to cure the deficiencies outlined in this Order. *Jackson*, 898 F.3d at 1358 ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies."). *See also Walters v. Sec'y, Fla. Dep't of Corr.*, 743 F. App'x 401, 402 (11th Cir. 2018) ("To the extent the district court dismissed

Walters's complaint as a shotgun pleading, the court ought to have given him the opportunity to replead, with instructions.").

First IC Bank is **DIRECTED** to file an Amended Complaint that: (1) sets forth specific, articulable claims; (2) alleges the specific legal or statutory violations asserted against each Defendant; and (3) provides specific and articulable facts to support each cause of action. The amendment must comply with federal pleading standards. Failure to comply with these directives may result in dismissal of this action with prejudice. *Jackson*, 898 F.3d at 1358.

**IV.   CONCLUSION**

First IC Bank's motion for leave to file an Amended Complaint [ECF 12] is **GRANTED IN PART** and **DENIED IN PART**. North American's motion to dismiss the original Complaint [ECF 2] and motion to strike [ECF 14] are **DENIED AS MOOT**. Within 14 days after entry of this Order, First IC Bank is **DIRECTED** to file an Amended Complaint in conformity with the Court's instructions. The Court's Order staying all discovery [ECF 11] shall remain in effect until

Defendants respond to First IC Bank's Amended Complaint. If no amendment is filed, the Clerk is **INSTRUCTED** to resubmit this Order to the Court in 14 days.

**SO ORDERED** this the 11th day of June 2020.

                                          Steven D. Grimberg
                              United States District Court Judge